H. P. and R. H. HARVEY *v.* BERRY, DEMOVILLE & Co. *et als.*

1. ALIAS EXECUTION FROM COURT OF RECORD RELATES TO ITS TEST. ' An alias execution from Court of Record relates to its test, and binds the debtor's personal goods from that time, into whosoever hands they come.

2. SAME. *Principle illustrated.* Alias execution issued 11th of November, 1869, *tested* on the first Monday of November, 1869, which was, on the 25th of January, 1870, levied upon the goods in question, the execution debtor having died after the issuance of the execution, but before the levy.

   *Held,* The levy of the execution vested the title to the goods in the sheriff from the test of the execution, and that his title was superior to that of a purchaser, who purchased the same goods from the execution debtor on the 7th of December, 1869. 4 Hum., 397; 1 Col., 396.

3. RECEIVER. *Liability of.* Where the title to property is in dispute, and the sale of it has been enjoined, and a receiver appointed at instance of complainant, and he is himself appointed receiver, and his bill is dismissed for want of equity, it is error to decree against him and his securities on the *injunction* bond for the value of the property, as admitted in his bill. He held the property as receiver, and he

H. P. and R. H. Harvey *v.* Berry, Demoville & Co. *et als.*

and his *sureties as receiver* were bound to account for it or its value, under the orders of the Court, and not his sureties on his injunction bond.

FROM LAWRENCE.

Appeal from the Chancery Court. GEO. H. NIXON, Chancellor.

G. T. HUGHES for Harvey.

P. P. MATTHEWS for Berry, Demoville & Co.

McFARLAND, Judge, delivered the opinion of the Court.

The bill alleges that one of the complainants, R. H. Harvey, purchased a stock of drugs from John W. Reams, on the 7th of December, 1869. That, in February, 1868, a judgment was rendered in the Circuit Court of the county against said Reams, in favor of John Sevier. An execution was issued and returned "nothing made." An alias execution was issued on the 11th day of November, 1869, which was, on the 25th day of January, 1870, levied upon the drugs in question, Reams having died after the issuance of the execution, but before the levy.

The bill further charges that there had been a previous levy upon these drugs, or a part of them, by James H. McKey, sheriff of the county, under an execution from the Chancery Court, in favor of M. H. Williams and others against Reams. That the

execution had been returned 30th January, 1869, "no sale for want of bidders."

The bill further charges that on the 4th December, 1869, Berry, Demoville & Co. obtained judgment before a Justice of the Peace of the county against Reams and complainant, H. P. Harvey, as his partner, for $250, when, in fact, H. P. Harvey was not a partner, and the bill charges that this judgment was void as to H. P. Harvey, for want of notice. R. H. Harvey stayed this judgment, and was to pay it, in part discharge of the amount he was to pay Reams for the purchase of the drugs, on the 7th of December.

The Chancellor dismissed the bill for want of equity upon its face. In this we think he was clearly correct. It is too well settled to be now doubted, that an alias execution from a Court of Record relates to its test, and binds the debtor's personal goods from that time, into whosoever hands they come. The lien of the execution in favor of Sevier was superior to the right of R. H. Harvey, under his purchase, on the 7th of December, and by the levy of the execution the title to the goods was vested in the sheriff.

There is nothing in the supposed irregularities in the issuance of this execution to change this result. It was a valid execution, founded upon a valid and unsatisfied judgment.

Nor is this result changed by the fact that Reams died after the issuance and test of the execution, but

before its levy.  See 4 Hum., 397; 1 Cold., 396. The levy, or supposed levy, of the former execution, by McKee, is not a matter of which the complainants can take advantage.  The parties by whom, or in whose favor this levy was made, are not complaining, and, besides, it is most probable, from the statements of the bill, that this was either not a valid levy, for want of an ˙ actual seizure of the goods, or it was abandoned.

Complainants are entitled to no relief against Berry, Demoville & Co.  The facts stated show that H. P. Harvey was legally served with process.  That his co-defendant consented to a continuance before the Justice, in his absence, does not discharge him.  The bill was properly dismissed.

But the question is, was the proper decree rendered?

The bill states that R. H. Harvey purchased the drugs from Reams for $800.  In the amended bill he says, their cash value was $600, or $650.  An injunction was obtained enjoining a sale of the goods. Upon application of the complainants, also, R. H. Harvey was appointed receiver, who took possession of the goods after giving bond and security, conditioned to discharge the duties of receiver.

Upon dismissing the bill, the Chancellor rendered a decree in favor of the defendant (Sevier) against the complainants and their securities in the injunction bond for $650, the value of the goods as charged in the bill.

This, we think, was error. Although the goods were placed in the hands of R. H. Harvey, he held them as receiver, and was bound to account for them under the orders of the Court. He and his sureties, as receiver, must account for the drugs or their value.

If any damage has accrued to the defendants by the wrong issuance of the injunction, the complainants and their securities on the injunction bond must be liable for the same.

The decree in this respect will be modified and remanded, to the end that the proper steps may be taken in the Court below to carry out this view of the case.

The costs of this Court will be paid, one-half by complainants, and the other half by Sevier. The costs of the Court below as adjudged by the Chancellor.